UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MARK COUNSEL,

        Plaintiff,                      Case No. 2:16-cv-48

v.                                          Honorable R. Allan Edgar

MICHAEL P. MILLETTE, et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Mark Counsel, a prisoner currently confined at the Newberry Correctional Facility (NCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Physician's Assistant Michael P. Millette, Physician Juan M. Perez, Physician Unknown Party #1, and Chief Medical Examiner Unknown Party #2. Plaintiff alleges that in 2011, while Plaintiff was confined at the Chippewa Correctional Facility, Defendant Millette treated him for hemorrhoids with over-the-counter suppositories and creams, and later with Anusol. At some point, Defendant Millette also prescribed Bisacodyl and Senna for Plaintiff.

In December of 2012, Plaintiff was transferred to the Ojibway Correctional Facility (OCF). On May 16, 2013, Plaintiff kited health care complaining of continued rectal pain and symptoms. Plaintiff kited that his aunt, a nurse, had advised Plaintiff that he needed to be using nitroglycerine cream. Kristina Ribich, RN, scheduled Plaintiff to be seen by Unknown Party #1, who did another finger probe exam. Unknown Party #1 recommended that Plaintiff continue with the same treatment because the Regional Medical Officer (RMO) did not approve nitroglycerine cream. On June 25, 2013, Plaintiff again kited medical and stated that he had another semi hard bowel movement, that his RN aunt had recommended an enema and an examination with an anuscope, and to please contact the RMO on his behalf. On July 25, 2013, Plaintiff was seen by Dr. Meeks, who examined Plaintiff with an anuscope and diagnosed him as having an anal fissure, as well as hemorrhoids. Dr. Meeks requested nitroglycerine ointment and Metamucil as treatment for the anal fissure. On August 6, 2013, Plaintiff kited medical to find out why he had not received nitroglycerine ointment. Plaintiff was told that the RMO denied the ointment, but approved the

Metamucil.  Plaintiff was prescribed Metamucil for 90 days, to start on May 19, 2014, after his transfer to NCF.

After Plaintiff arrived at NCF, his fissure worsened, especially after a brief discontinuation of Plaintiff's medications, which were reinstated by Dr. Perez on September 30, 2014.  On October 23, 2014, Dr. Perez requested Rectiv and nitroglycerine ointment.  However, the request was denied.  In January of 2015, Plaintiff kited that he had a painful lump on his anus.  Plaintiff was seen by Defendant Millette on February 6, 2015, who told Plaintiff he had a hemorrhoid.  Plaintiff declined an examination with an anuscope, believing it would increase his pain.  Plaintiff was told that he would be seen again in March, and Plaintiff stated that he would submit to an anuscope examination at that time.

On February 13, 2015, Plaintiff filed a grievance requesting an examination by a gastroenterologist, which was denied on March 2, 2015.  Plaintiff's step II grievance was denied on March 23, 2013.  On March 27, 2015, Plaintiff was seen by Defendant Millette.  Plaintiff still had an open fissure on anuscope exam.  Defendant Millette requested nitroglycerine ointment for 8 weeks to heal the fissure, which Plaintiff received on April 2, 2015.  On May 11, 2015, Plaintiff was seen by Dr. Perez, who referred him for surgery.  On June 17, 2015, Plaintiff saw the surgeon, who found a rectal abscess and drained it.  On July 13, 2015, Plaintiff was told the fissure had healed, but he had an anal fistula containing an abscess, and that his abscess required draining again.  On August 4, 2015, Plaintiff had surgery to correct the fistula.  Plaintiff contends that if Defendants had properly diagnosed and treated him, he would not have had to suffer with his symptoms for 4 years.  Plaintiff seeks damages.

**Discussion**

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his Eighth Amendment rights. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in

medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).

Plaintiff claims that Defendants failed to properly diagnose him as having an rectal abscess and anal fistula, which caused him to unnecessarily suffer with painful symptoms until he was properly diagnosed and treated. Plaintiff's allegations in this case clearly show that he was not being denied treatment for his maladies, but merely disagreed with the specific course of treatment. As noted above, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, 1996 WL 627724, at *1. This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart*, 1997 WL 160322, at *2. Therefore, Plaintiff's Eighth Amendment claims are properly dismissed.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: 5/31/2016            */s/ R. Allan Edgar*
                            R. ALLAN EDGAR
                            UNITED STATES DISTRICT JUDGE